Edward G. Hamel (AZ SBN 036364)
**MAYESTELLES PLLC**
3636 North Central Avenue, Suite 1000
Phoenix, Arizona 85012-1927
Telephone:  602.714.7900
Facsimile: 602.357.3037
edward@mayestelles.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CR-24-01949-PHX-SHD |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| Santiago Retana, | |
| Defendant. | |

Defendant, Santiago Retana ("Mr. Retana"), by and through the undersigned counsel respectfully requests that this Court sentence him to a term of 12 months and 1 day incarceration.  Such a sentence would be "sufficient but not greater than necessary" to comply with the goals of sentencing set forth in 18 USC § 3553(a).

I.      Sentencing Considerations

Under the terms of the plea agreement in this case, the Mr. Retana plead guilty to Count 26, False Statement in Acquisition of Firearms for his actions that occurred on April 25, 2024.  Under the terms of the agreement Mr. Retana's sentence is capped at the low end of the applicable sentencing guideline range and nothing in the agreement precludes Mr. Retana from moving for a variance or sentence below the cap, or from the Court from imposing a sentence below the cap.

The Pre-Sentence Report writer recommended a sentence of 37 months followed by 3 years of Supervised Release and $1,500 fine.  The Government also recommended a sentence of 37 months incarceration.

Mr. Retana requested sentence of 12 months and 1 day would satisfy the requirement of 18 U.S.C. §3553(a) that the sentence be sufficient, but not greater than necessary in light of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established . . .;
(5) any pertinent [Sentencing Commission] policy statement . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Mr. Retana is a 28-year-old man. As detailed in his Pre-Sentence Interview, Mr. Retana grew up in the Phoenix area with his mother and siblings. He has very strong family support and Mr. Retana has never been in any legal trouble before. Mr. Retana was negatively affected when he was abandoned by his biological father during his later formative years. He greatly regrets his involvement in this matter.

Mr. Retana has consistently performed exemplarily on pretrial release and has proven that he is an individual that can and will comport himself with the rules imposed by the court and will succeed on supervised release. Mr. Retana is an extremely hard worker and vows to continue to live a crime free lifestyle. His involvement in this activity has greatly upset and disappointed his family, who were very surprised by his arrest. Mr. Retana committed these offenses because he was behind on his financial obligations and wanted to better provide for his partner and their three young children.

At the time, Mr. Retana felt that his crimes were not that serious and were just paperwork violations. He now understands that the potential serious consequences that his actions have for others and the community in general. He freely admits that it was a serious

MayesTelles PLLC
3636 NORTH CENTRAL AVENUE, SUITE 1000
PHOENIX, ARIZONA 85012-1927

lack of maturity and judgement. His involvement in this matter has reinforced the importance of living a crime-free lifestyle and has learned to associate with pro-social peers.

Mr. Retana knows that his actions were wrong. He has been cooperative, respectful and remorseful during the pendency of this matter and demonstrated this throughout his time on Pretrial Release. He has learned a lot from this experience and has proven to the Court that he is capable of following the rules. There is no reason to believe that he won't.

Mr. Retana is a promising prospect and has demonstrated that he self-rehabilitated; he has a loving and supportive family who will continue to encourage him as to remain upon a positive course. Mr. Retana is a great father and provides significant financial and emotional support to his three young children. Mr. Retana, who is now a felon, is a low risk to reoffend and would like to put this matter behind him.

Mr. Retana has a tremendous incentive to take advantage of any mercy afforded to him by this Court. Due to Mr. Retana's exemplary record since the time of the offenses, his lack of prior derogatory contact with the criminal justice system in his previous 28 years, and his proven success on pre-trial supervision, we respectfully ask the Court for a variance to allow for the requested sentence.

Mr. Retana respectfully requests that the Court, recommend to the Bureau of Prisons that Mr. Retana be incarcerated at a facility near residence so that he can maintain closer contact with his family. Additionally, Mr. Retana requests that he be allowed approximately 30 days to voluntary surrender so that he may better prepare his family for his absence.

Respectfully Submitted this 5th day of June, 2025.

**MAYESTELLES PLLC**


By: _/s/Edward G. Hamel_
        Edward G. Hamel
        *Attorney for Defendant*

**MAYESTELLES PLLC**
3636 NORTH CENTRAL AVENUE, SUITE 1000
PHOENIX, ARIZONA 85012-1927